UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM VOSBURGH,
BOBBIE VOSBURGH,
and ROBERT TAYLOR

                                CASE NO. 06-15073
      Plaintiff,         HON. LAWRENCE P. ZATKOFF

v.

BFS RETAIL & COMMERCIAL
OPERATIONS, LLC,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 11, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss filed on February 22, 2007. Plaintiff has responded to Defendant's motion, and Defendant has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

**II. BACKGROUND**

Defendant BFS Retail & Commercial Operations is the former retail division of Bridgestone/Firestone. In 2001 it became a limited liability company under the umbrella of a holding company, Bridgestone Americas Holding. In 1995, Bridgestone/Firestone instituted an Employee Dispute Resolution Plan ("the Plan") for all non-union employees. The Plan required all employment-related claims to be settled through binding arbitration.

Plaintiff Vosburgh began working for Defendant as a service manager in January 2003. As part of his application for employment, Vosburgh agreed to be bound by the Plan. The employment application, signed by Vosburgh, contained the following language:

> Bridgestone/Firestone, Inc., maintains a program that directs any legal disputes relating to the application for, initiation, terms, conditions or termination of employment to mediation and binding arbitration. The purpose of this program, called the Employee Dispute Resolution Plan ("Plan"), is to resolve legal disputes fairly, quickly and without burdensome expense to any of the parties involved. As a condition of Bridgestone/Firestone's consideration of my application for employment, I agree that I will be bound by the terms of the Plan. Accordingly, I agree that any legal dispute as defined by the Plan that may arise out of the Company's considering me for employment or, in the event I am employed, any part of my employment or the termination of my employment, will be subject to the mandatory mediation and binding arbitration provisions of the Plan.
>
> * * *
>
> I acknowledge that I have been given the opportunity to review the Plan itself. I understand that I need to review the Plan carefully because it identifies the types of legal disputes covered and sets forth the procedures that must be followed.

Defendant's Exh. 3.

Vosburgh's wife, Bobbie Vosburgh, has filed a claim in the instant action for loss of consortium.

Plaintiff Taylor began working for Defendant as manager of tire sales in June 2003. Taylor signed an employment application that contained the above language regarding the Plan.

2

Defendant's Exh. 5.

In June of 2003, Defendant amended the Plan. Neither party contends that the changes are material to this case. The amended Plan states on its first page, in capital letters, that employees who "CONTINUE WORKING FOR [Defendant] . . . AGREE TO RESOLVE ALL [employment-related disputes] THROUGH THE MEDIATION AND ARBITRATION PROCESS DESCRIBED HEREIN INSTEAD OF THROUGH THE COURT SYSTEM." Defendant's Exh. 2. Both Vosburgh and Taylor received copies of the Plan.

Plaintiffs allege that Defendant's store manager, Ed Martinez, sexually harassed them. Taylor alleges that he was constructively discharged due to the harassment. Vosburgh alleges that he was terminated for complaining about the harassment. Plaintiffs filed suit on November 13, 2006. On February 22, 2007, Defendant filed a motion to dismiss based on the mandatory arbitration provisions of the Plan.

### III. LEGAL STANDARD

When hearing claims regarding an arbitration agreement, the court "may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Federal policy favors arbitration agreements, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

### IV. ANALYSIS

Plaintiffs raise a number of issues as to why the binding arbitration provision of the Plan is invalid. Plaintiffs first argue that their case is excluded from the Plan because it is a multi-plaintiff case. This argument is without merit. Section (4)(F) of the Plan provides that:

> All Disputes subject to the EDR Plan must be mediated and arbitrated as individual claims. The Plan specifically prohibits the mediation or arbitration of any Dispute on a class basis or as a collective action or representative action, and the arbitrator shall have no authority or jurisdiction to enter an award or otherwise provide relief on a class, collective, or representative basis.

Plaintiffs claim that because the Plan prohibits class, collective, or representative actions, that those actions may be brought in federal court. Plaintiffs are correct that the Plan prohibits class, collective, or representative actions, but the effect of this prohibition is to prevent them from being brought anywhere, whether to arbitration or in federal court. The Plan mandates that all employment-related disputes are subject to arbitration, and that all such disputes be arbitrated as individual claims.[1]

Plaintiffs also argue that the Plan is invalid because Defendant reserved the right to amend or terminate the Plan. Section 32 of the Plan states that: "The EDR Plan may be amended or terminated at any time. However, no amendment or termination shall apply to a Dispute of which the Sponsor had actual notice, through the filing with the AAA of a Request for Mediation or a Request for Arbitration, on the date of amendment of termination." Thus, Defendant reserved the right to amend or terminate the Plan. However, that right is not absolute: any amendment or termination would not apply to a claim already filed by an employee; in that case Defendant would be bound by the existing Plan.

---

[1] The Court is aware that some courts have held that provisions forbidding class actions are unconscionable. However, any such argument is irrelevant here, because Plaintiffs have not filed a class action.

Plaintiffs' argument was recently rejected by a court in the Eastern District of Michigan. In *Pellow v. Daimler Chrysler Servs. N. Am., LLC*, No. 05-73815, 2006 U.S. Dist. LEXIS 62046 (E.D. Mich. Aug. 31, 2006) (Edmunds, J.), the court granted the defendant's motion for reconsideration. The court had initially denied the defendant's motion to compel arbitration, holding that the arbitration agreement in question was unenforceable because the defendant reserved the right to amend or terminate the agreement. However, after reviewing the relevant law, the court granted the defendant's motion for reconsideration. The court held that the key issue was whether the defendant intended to be bound, not whether the defendant had the right to amend or terminate the agreement. If the defendant intended to be bound, the "express reservation of the right to modify, suspend, or terminate the [arbitration agreement] does not make the arbitration agreement unenforceable." *Id.* at *19. The court noted that the arbitration agreement contained a severability clause, which indicated the defendant's intent to be bound.

In the instant case, the Plan also contains a severability clause, in section 35. Furthermore, as noted above, the Plan specifically states that Defendant is bound by the Plan provisions that exist when an employee initiates an arbitration procedure. Thus, Defendant intended to be bound by the Plan, and reservation of the right to amend or terminate that Plan does not render it unenforceable.

Plaintiffs also argue that they did not assent to be bound by the Plan. Plaintiffs note that the Plan in effect when they signed their employment applications was the Bridgestone/Firestone plan, and Plaintiff now work for Defendant, BFS Retail, a separate corporate entity. This argument is without merit. The 2003 amended Plan provided to Plaintiffs was titled "BFS Retail and Commercial Operations, LLC Employment Dispute Resolution Plan." The Plan stated that by continuing their employment, Plaintiffs agreed to be bound by the Plan. Continued employment is sufficient consideration for agreements between an employer and employee. *See Robert Half Int'l,*

5

*Inc. v. Van Steenis*, 784 F. Supp. 1263, 1273 (E.D. Mich. 1991).

Plaintiffs further argue that the Plan is unconscionable. Plaintiffs argue that the Plan is a contract of adhesion, because they had to accept it in order to obtain employment with Defendant. Plaintiffs note that the Plan prevents multi-plaintiff claims and provides limited discovery. Plaintiff also note that an employee initiating arbitration must pay a $100 administrative fee. These arguments are without merit.

The Michigan Court of Appeals has held that:

> [A] contract is an adhesion contract only if the party agrees to the contract because he has no meaningful choice to obtain the desired goods or services elsewhere. If the prospective employee (applicant) would be able to obtain work elsewhere, the contract is not one of adhesion because the applicant has a meaningful choice in accepting the offer of employment.

*Rembert v. Ryan's Family Steak Houses, Inc.*, 235 Mich. App. 118, 157 n.28 (1999) (citation omitted). Plaintiffs have not shown that they were only able to obtain employment through Defendant.

Regarding discovery, the Plan provides that each party may take one deposition as a matter of right. Additional depositions may be taken with the agreement of the parties, or if the arbitrator determines that additional depositions are necessary. This is similar to the situation in *Pellow*, where the parties were entitled to take two depositions, and could take more if allowed by the arbitrator. The court rejected the plaintiff's claim that this limitation was unenforceable, noting that "arbitration need not provide [the plaintiff] with all procedural mechanisms of a court of law; that would defeat the purpose of arbitration. The EDRP's discovery limitations are therefore enforceable." *Pellow*, at * 37 (emphasis omitted). The Court agrees with this reasoning, and finds that the discovery limitation in the Plan is not unconscionable.

Regarding the limitation on multi-plaintiff claims, the Court recognizes that some courts

6

have held that a restriction on class actions is unconscionable. However, Plaintiffs have not filed a class action, and have failed to produce any evidence showing that they will be unduly burdened by proceeding individually with their claims.

Regarding the $100 administrative fee, the Sixth Circuit has held that: "A cost-splitting provision should be held unenforceable whenever it would have the 'chilling effect' of deterring a substantial number of potential litigants from seeking to vindicate their statutory rights." *Morrison v. Circuit City Stores*, 317 F.3d 646, 661 (6th Cir. 2003). There is no cost-splitting provision in the instant Plan; the employee pays a $100 administrative fee, and Defendant pays any other arbitration fees, and the expenses of the arbitrator. As Defendant notes, the $100 fee is less than most judicial filing fees, and cannot be said to have a "chilling effect" on litigants seeking to vindicate their statutory rights.

Plaintiffs do not contest that Plaintiff Bobbie Vosburgh's loss of consortium claim is derivative of her husband's claims. A nonsignatory to an arbitration agreement may be compelled to arbitrate her claim when it is "inseparably intertwined" with claims subject to an arbitration agreement. *See Cunningham v. Van Ru Credit Corp.*, No. 06-10452 2006, U.S. Dist. LEXIS 85806 (E.D. Mich. Nov. 12, 2006). Because Bobbie Vosburgh's loss of consortium claim is inseparably intertwined with her husband's harassment claim, it must be arbitrated pursuant to the Plan.

Thus, the Court finds that Plaintiffs are compelled to arbitrate their claims pursuant to the Plan. When claims in a case are subject to final and binding arbitration, the Court may dismiss the case. *Pellow*, at *37. Because all the claims in this case are subject to final and binding arbitration, the Court grants Defendant's motion to dismiss.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendant's motion to dismiss. Plaintiffs' action is hereby DISMISSED WITHOUT PREJUDICE.

    IT IS SO ORDERED.


                s/Lawrence P. Zatkoff  
                LAWRENCE P. ZATKOFF  
                UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2007

### CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 11, 2007.

                s/Marie E. Verlinde  
                Case Manager  
                (810) 984-3290